**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **C.S., by and through his parents,** T.J.S. and Y.S., and T.J.S. and Y.S., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Case No. ________________ |
| ROCHESTER SCHOOL DISTRICT | ) | |
| Defendant. | ) | |

**COMPLAINT**
**FOR ATTORNEYS' FEES AND COSTS**
**(pursuant to 20 U.S.C. § 1415(i)(3)(B))**

Plaintiffs C.S. ("Student"), by and through his parents T.J.S. and Y.S. ("Parents"), and the Parents, through counsel, bring this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and specifically 20 U.S.C. § 1415(i)(3)(B), for an award of reasonable attorneys' fees and costs incurred in connection with a special education due process proceeding in which the Parents prevailed.

**JURISDICTION AND VENUE**

1. This action arises under the IDEA, including 20 U.S.C. § 1415(i)(3)(B).

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331.

3. Venue is proper in this District because the Student and Parents reside in New Hampshire, Defendant Rochester School District is located in this District, and the underlying administrative proceeding concerned the Student's special education placement and services in New Hampshire.

4. This action is timely under RSA 186-C:16-b, V. The Parents received the final administrative decision on June 2, 2026, and commenced this action within 120 days of receipt.

## PARTIES

5. C.S. is a child with a disability entitled to the protections of the IDEA.

6. T.J.S. and Y.S. are C.S.'s parents.

7. Defendant Rochester School District ("District") is C.S.'s local educational agency and is responsible for providing C.S. with a free appropriate public education under the IDEA.

8. Rochester School District remained C.S.'s local educational agency while C.S. attended Monarch pursuant to his IEP-team placement. The Parents invoked the IDEA's due process procedures to protect C.S.'s rights concerning that placement and obtained relief preserving his access to the placement and services required by his IEP. The Parents seek reasonable attorneys' fees and costs from the District as prevailing parents pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

## FACTUAL BACKGROUND

9. C.S.'s IEP team placed him at Monarch School of New England ("Monarch"), an approved private special education placement.

10. In January 2026, Monarch terminated C.S.'s placement.

11. The Parents thereafter invoked the IDEA's due process procedures to protect C.S.'s rights and secure his return to his educational placement.

12. The resulting administrative proceeding was conducted before a New Hampshire Department of Education hearing officer and included contested proceedings concerning C.S.'s placement and rights under state and federal special education law.

13. The Parents sought, among other relief, restoration of C.S.'s full access to his out-of-district placement at Monarch.

14. On May 14, 2026, the Hearing Officer granted the Student's request to enforce stay put and ordered restoration of access to the Monarch placement.

15. C.S. returned to Monarch on May 22, 2026.

16. On June 2, 2026, the Hearing Officer issued the final Due Process Decision in Student/School District, IDPH FY 26-03-037.

17. The Hearing Officer determined, among other things, that Monarch violated New Hampshire special education regulations by unilaterally terminating C.S.'s placement without following the required IEP-team process.

18. The Hearing Officer further determined that C.S. was entitled to remain in the placement determined by his IEP team and ordered Monarch to continue permitting C.S. to attend Monarch and to provide him full access to his placement and services in accordance with his IEP.

19. The Parents therefore obtained material relief sought through the due process proceeding, including enforceable administrative relief preserving C.S.'s access to his IEP-team placement and services at Monarch.

20. The Parents requested reimbursement of their reasonable attorneys' fees and costs in the administrative proceeding.

21. The Hearing Officer determined that hearing officers do not award attorneys' fees and that such relief must instead be sought in court.

22. On September 24, 2026, Monarch commenced an action in this Court challenging the Hearing Officer's rulings and final Due Process Decision. See *Monarch School of New England, Inc. v. C.S., et al.*, No. 1:26-cv-00773-PB-TSM (D.N.H.).

23. That action remains pending and concerns the same administrative proceeding and Due Process Decision upon which the Parents' prevailing party status is based.

**COUNT I**
**Attorneys' Fees and Costs Under 20 U.S.C. § 1415(i)(3)(B)**

24. Plaintiffs incorporate paragraphs 1 through 23 as though fully set forth herein.

25. Under 20 U.S.C. § 1415(i)(3)(B)(i)(I), a court may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability.

26. The Parents are prevailing parties within the meaning of § 1415(i)(3)(B)(i)(I) because they obtained enforceable administrative relief materially altering the legal relationship governing C.S.'s placement and securing his continued access to the educational placement and services that were the subject of the due process proceeding.

27. Rochester School District was C.S.'s local educational agency throughout the underlying proceeding and remained responsible under state and federal special education law for C.S.'s publicly funded special education program and IEP-team placement at Monarch. The Parents seek an award of their reasonable attorneys' fees and costs from the District as prevailing parents pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

28. The Parents incurred attorneys' fees and costs in pursuing and obtaining that relief.

29. The Parents accordingly seek an award of reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Determine that the Parents are prevailing parties under 20 U.S.C. § 1415(i)(3)(B);

B. Award the Parents their reasonable attorneys' fees and costs incurred in connection with the administrative proceeding and this action, in an amount to be established through subsequent submissions to the Court; and

C. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

C.S., T.J.S., and Y.S.

By their attorneys

Dated: September 30, 2026

By: /s/ Patrick T. O'Day

Patrick T. O'Day, NH Bar No. 17145
O'DAY LAW OFFICE, PLLC
155 Fleet Street
Portsmouth, NH 03801
Tel. (603) 766-4987
poday@oday-law.com